**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DARRELL HAUCK, *et al.*, § | |
| § | |
| Plaintiffs § | |
| § | |
| v.. § | CIVIL ACTION NO. H-10-3314 |
| § | |
| BEKINS VAN LINES, LLC, § | |
| § | |
| Defendant § | |
| § | |

**MEMORANDUM AND ORDER**

The plaintiffs, Darrell Hauck and Cheryl Hauck, sued the defendant, Bekins Van Lines, LLC, in state court. The Haucks alleged that they contracted with Bekins to pack and ship their household goods from Texas to Georgia. The interstate move was under a bill of lading, which the Haucks attached to their petition. (Docket Entry Nos. 1, at 2; 8, Bill of Lading No. 0000K38791.). The Haucks alleged that Bekins failed to load some of their household goods onto the carrier and that these goods are missing, and that other goods were not properly packed and were delivered in a damaged condition. The Haucks asserted state-law claims for breach of contract, breach of warranty, and violations of the Texas Deceptive Trade Practices Act, seeking damages and attorneys' fees. Bekins timely removed, asserting federal jurisdiction under the preemptive effect of the Carmack Amendment, 49 U.S.C. § 14706 *et seq*.

The Haucks moved to remand, (Docket Entry No. 8), to which Bekins responded, (Docket Entry No. 14). Bekins moved to dismiss, (Docket Entry No. 4), to which the Haucks responded, (Docket Entry No. 10), and Bekins replied, (Docket Entries Nos. 13, 15). Based on the pleadings; the motions, responses, and reply; the parties' submissions; and the applicable law, this court denies

the motion to remand and grants the motion to dismiss the state-law claims. An amended complaint may be filed no later than **December 17, 2010.**

The reasons for these rulings are set out below.

## I.     The Motion to Remand

28 U.S.C. § 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction. *Cuellar v. Crown Life Ins. Co.*, 116 F. Supp. 2d 821, 825 (S.D. Tex. 2000). Bekins seeks remand on the ground that this court lacks subject matter jurisdiction. The Haucks argue that Bekins must show that it complied with the Carmack Amendment, that the Carmack Amendment applies, and that it is entitled to protection from that Amendment or the case must be remanded.

A defendant may remove to federal court only state-court actions that originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 2429 (1987). Absent diversity, removal is only appropriate for claims within the district courts' federal question jurisdiction. 28 U.S.C. § 1331. Federal-question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the presence or absence of federal-question jurisdiction is determined according to the "well-pleaded complaint rule," which finds federal jurisdiction only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc.*, 107 S. Ct. at 2429. Complete preemption is an "independent corollary" to the well-pleaded complaint rule and applies when a federal statute has such preemptive force as to convert a claim purporting to be based on state law into one stating a federal claim for purposes of the well-pleaded complaint rule. *Id.* at 2430.

When federal removal jurisdiction is challenged, the party seeking to invoke federal jurisdiction has the burden of establishing subject-matter jurisdiction. *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000). Removal jurisdiction "raises significant federalism concerns" and is strictly construed. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Ambiguities or doubts are to be resolved against removal. *Value Recovery Group, Inc. v. Hourani*, 115 F. Supp. 2d 761, 765 (S.D. Tex. 2000).

Bekins concedes that a federal claim does not appear on the face of the plaintiffs' original petition, but argues that federal jurisdiction is nevertheless proper under the complete preemption doctrine. Bekins cites *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003), in which the Fifth Circuit applied this doctrine to conclude that a plaintiff's state law claims against a common carrier for loss or damage to her personal property in an interstate move arose under federal law. In that case, the Fifth Circuit held that 49 U.S.C. § 14706—the Carmack Amendment to the federal Interstate Commerce Act—provides the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier. *Id.* at 778. The *Hoskins* court recognized that the Carmack Amendment's preemptive effect derives from Congress's purpose in enacting it: to provide a uniform, national remedy against common carriers, which were "being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own State, or for a carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to goods delivered to it for transportation from one State to another." *Id.* at 776 (quoting *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S. Ct. 148 (1913)). The Carmack Amendment therefore

superseded the "special regulations and policies of particular States upon the subject of the carrier's liability for loss or damage to interstate shipments." *Id*. at 777 (quoting *Missouri, K. & T.R. Co. of Tex. v. Harris*, 234 U.S. 412, 34 S. Ct. 790 (1914)).  The *Hoskins* plaintiff's state-law claims were construed as arising under the Carmack Amendment because the plaintiff sought to hold her carrier responsible for damage incurred in the shipment of property from Texas to Virginia.

The facts of the present case are very similar.  The Haucks seek to impose liability on Bekins for damages arising from the interstate transport of their household property.  Resolution of the state-law claims turns on the rights and responsibilities of Bekins as a carrier in interstate commerce. The Carmack Amendment was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment.  Allowing a shipper to bring common law breach of contract or negligence claims against a carrier for such loss or damage conflicts with this policy.  *See Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706 (4th Cir. 1993).

Because the complete preemption doctrine applies, the Haucks's claims only arise under federal law and could therefore be removed under § 1441.  The motion to remand is denied.

## III.    The Motion to Dismiss

Bekins moved to dismiss the state-law claims asserted in the petition.  Under the binding Fifth Circuit precedent, the motion to dismiss must be granted.  The Carmack Amendment was intended "to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins*, 343 F.3d at 778.  The state-law claims are dismissed, with prejudice.  The Haucks may replead to assert a claim under the

Carmack Amendment, no later than December 17, 2010.[1]  Such a claim may not, however, include the recovery of attorneys' fees.  *See Accura Systems, Inc. v. Watkins Motor Lines, Inc*., 98 F.3d 874 (5th Cir. 1996).

        SIGNED on November 12, 2010, at Houston, Texas.

                                            Lee H. Rosenthal
                                            United States District Judge

---

[1] The Carmack Amendment provides that "[a] carrier . . . [is] liable . . . for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported . . . ." 49 U.S.C. § 14706(a)(1).  The elements of a *prima facie* case of negligence are: (1) delivery of the goods in good condition; (2) receipt by the consignee of less goods or damaged goods; and (3) the amount of damages. *Hoskins,* 343 F.3d at 778; *Accura Sys., Inc. v. Watkins Motor Lines, Inc.,* 98 F.3d 874, 877 (5th Cir. 1996); *Johnson & Johnson v. Chief Freight Lines Co.,* 679 F.2d 421, 421 (5th Cir. 1982).  If the shipper establishes a *prima facie* case, there is a rebuttable presumption of negligence.  The carrier can overcome this presumption by showing that it was free from negligence *and* that the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority.  *Mo. Pac. R.R. v. Elmore & Stahl,* 377 U.S. 134, 137, 84 S. Ct. 1142 (1964).